## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL WAYNE PARSONS,**                                    **PETITIONER**
**Reg. #30237-047**

**V.**                          **NO. 2:22-CV-00098-LPR-ERE**

**UNITED STATES OF AMERICA and**
**STATE OF TENNESSEE[1]**                                    **RESPONDENTS**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge Lee Rudofsky. You may file written objections to all

or part of this Recommendation. If you do so, those objections must: (1) specifically

explain the factual and/or legal basis for your objection; and (2) be received by the

Clerk of this Court within fourteen (14) days of the entry of this Recommendation.

The failure to timely file objections may result in waiver of the right to appeal

questions of fact.

## I.     INTRODUCTION

Michael Wayne Parsons, a prisoner in the Federal Correctional Institution in

Forrest City, Arkansas, has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241. Mr. Parsons challenges the validity of his conviction but fails to show

---

[1] Mr. Parsons fails to name the proper Respondent: DeWayne Hendrix, Warden of the Federal Correctional Institution in Forrest City.  28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner]"). The Court will direct the Clerk to make this change.

that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective, as required to collaterally attack his federal conviction. The Court therefore recommends that the petition be denied without prejudice for lack of jurisdiction.

## II.   BACKGROUND

In 2009, a jury in the Circuit Court of Tipton County, Tennessee found Mr. Parsons guilty on two counts of aggravated assault, felony offenses. *State v. Parsons*, 437 S.W.3d 457, 462 (Tenn. Crim. App. 2011). In January 2017, while on pretrial release for new state charges for being a felon in possession of a firearm, Mr. Parsons absconded, and a warrant issued for his arrest. *United States v. Parsons*, 946 F.3d 1011, 1013 (8th Cir. 2020).

While fleeing, Mr. Parsons piloted a small plane, and he stopped at an airport in Nebraska to stay the night. *Id*. The next day, he was arrested at the airport, and a search of his aircraft uncovered a firearm and ammunition. *Id*. As a result, Mr. Parsons was charged in the United States District Court for Nebraska with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Id*.

Following the government's evidence, Mr. Parsons moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. *Id*. The district court denied his motion, and on August 30, 2018, a jury found him guilty as charged. *Id*. The Nebraska District Court sentenced Mr. Parsons to 84 months in prison, consecutive to a sentence imposed by the Circuit Court of Tipton County, Tennessee. *United*

2

States v. Parsons, No. 4:17-cr-03038-JMG-CRZ (ECF No. 187) (D. Neb. December 13, 2018).

Mr. Parsons appealed the denial of his motion for judgment of acquittal, and on January 7, 2019, the Eighth Circuit affirmed. Parsons, 946 F.3d at 1013. On January 30, 2020, Mr. Parsons requested to file a petition for rehearing, pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). The Eighth Circuit permitted the out-of-time petition but denied a rehearing on March 5, 2020. Parsons, No. 4:17-cr-03038-JMG-CRZ (ECF No. 209) (March 5, 2020).

Mr. Parsons did not petition the Supreme Court for writ of certiorari, nor did he file a motion to vacate, set aside, or correct, pursuant to 28 U.S.C. § 2255.

On April 20, 2022, Mr. Parsons filed the § 2241 petition now before the Court in the Western District of Tennessee, and that Court transferred the case to this District, pursuant to 28 U.S.C. § 1406(a). Mr. Parsons challenges his § 922(g)(1) conviction by attacking the predicate felony conviction: his 2009 Tennessee conviction for aggravated assault.[2] Mr. Parsons argues that Tennessee courts lacked

---

[2] Even if the Court had subject matter jurisdiction to entertain Mr. Parsons' petition, his conviction under 18 U.S.C. § 922(g)(1) is not susceptible to attack on the ground that the predicate felony conviction is invalid. In Lewis v. United States, 445 U.S. 55 (1980), the Supreme Court held that the plain language of 18 U.S.C. § 1202(a)(1)(1976), which predates § 922(g)(1) and outlawed possession of a firearm by a felon, did not permit a collateral attack on the underlying felony conviction. Id., at 60-61. The Eighth Circuit has held that the holding in Lewis applies to a conviction under § 922(g)(1) and forecloses a collateral attack on an underlying felony conviction. United States v. Bena, 664 F.3d 1180, 1186 (8th Cir. 2011); United States v. Elliott, 128 F.3d 671, 672 (8th Cir. 1997).

jurisdiction to try him because he is a "Cherokee/Metis man," and Tennessee charged and convicted him on "his Cherokee land." *Doc. 1 at 3.*

Mr. Parsons cites *McGirt v. Oklahoma,*140 S. Ct. 2452 (2020), to support his argument. Under the federal Major Crimes Act ("MCA"), the states generally lack jurisdiction to try "Indians" for conduct committed in "Indian Country." 18 U.S.C. § 1153(a). In *McGirt*, the Supreme Court concluded that the Creek Nation's reservation in eastern Oklahoma was never de-established by Congress, such that it remains "Indian Country" under the MCA, and only the federal government and tribal courts have jurisdiction to try "any Indian" for conduct committed on land reserved for the Creek Nation.[3] *McGirt*, 140 S. Ct. at 2459–60.

## III.   DISCUSSION

District courts are required to conduct an initial review in § 2241 cases to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rules 1, 4 Rules Governing § 2254 Cases in the United States District Courts. In conducting this review, a district court has a duty to decide whether it has subject matter jurisdiction to entertain the petition, see *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal

---

[3] The Supreme Court recently limited its holding in *McGirt* and held that federal and state governments have concurrent jurisdiction to prosecute crimes committed by non-Indians in Indian country. See *Oklahoma v. Castro-Huerta*, No. 21-429, 2022 WL 2334307, at *13 (U.S. June 29, 2022).

courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"), and "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir.1999)).

Generally, a challenge to the lawfulness of a federal conviction and sentence must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see also* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983), and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

A limited exception to this rule is found in the "saving clause"[4] of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only* "if  it 'appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate

---

[4] See *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021), *cert. granted*, No. 21-857, 2022 WL 1528372 (U.S. May 16, 2022) (No. 21-857) (using the term "saving clause" and referencing *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011)).

or ineffective to test the legality of his detention.'" See *United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-62 (8th Cir. 2002) (quoting 28 U.S.C. § 2255(e) and describing the exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907.

The Eighth Circuit has held "that § 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand" and failed to do so. *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (citing *See Hill v. Morrison,* 349 F.3d 1089, 1092 (8th Cir. 2003) (holding that § 2255 is not inadequate or ineffective where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court"). A § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez*, 590 F.3d at 907*; Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Furthermore, § 2255 is not inadequate or ineffective to test the legality of detention merely because the petitioner faces a procedural barrier, such as expiration of the one-year statute of limitations applicable to § 2255 motions.[5] *Abdullah*, 392 F.3d at 959 (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

---

[5] Mr. Parsons has never filed a § 2255 motion challenging his federal conviction and

6

Mr. Parsons asserts, without explanation, that this Court has subject matter jurisdiction to entertain his petition pursuant to the Suspension Clause, Art. 1, § 9, cl. 2, of the United States Constitution. *Doc. 1 at 2*. The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

To the extent that Mr. Parsons contends that the Suspension Clause requires the Court to entertain his petition, his argument fails.  The Supreme Court has held that "the substitution of a collateral remedy [such as § 2255] which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). Accordingly, the question before the Court is whether Mr. Parsons

---

sentence, and the time for doing so has likely expired. Under 28 U.S.C. § 2255(f), absent an impediment created by government action, a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or newly discovered facts, the one-year limitation period for filing a § 2255 motion begins to run from the date on which the judgment of conviction became final.  The *McGirt* Court applied existing law and did not recognize a new constitutional right, made retroactively applicable to cases on collateral review, nor did *McGirt's* holding uncover a previously undiscoverable factual predicate for Mr. Parsons' current claim. See *Jackson v. Bowen*, No. 22-6068, 2022 WL 2165789, at *2 (10th Cir. June 16, 2022). Accordingly, it appears that Mr. Parsons' one-year period for filing a § 2255 petition in the sentencing court commenced when the judgment of conviction became final.

Where a defendant does not petition the Supreme Court for writ of certiorari, the judgment of conviction becomes final when the ninety-day period for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 524–25 (2003). Here, the Eighth Circuit denied Mr. Parsons' petition for rehearing on March 5, 2020, and he had until June 4, 2020 to file a petition for certiorari.  Mr. Parsons therefore had until June 4, 2021 to file a § 2255 motion in the sentencing court.

can show that § 2255's remedy is "inadequate or ineffective" because he lacked an opportunity, before now, to raise his claim.

Mr. Parsons could have raised his current claim attacking his Tennessee felony conviction on direct appeal, but he did not. Nor did he file a § 2255 motion raising his claim, although nothing prevented him from doing so.

Mr. Parsons cannot successfully argue that the Supreme Court's decision in *McGirt* was previously unavailable to him, thus making his remedy under § 2255 inadequate or ineffective. First, the Supreme Court issued *McGirt* on July 9, 2020, well before Mr. Parsons' one-year period for filing a § 2255 motion expired. Second, "'the saving clause is interested in opportunity, not outcome' and does not require the petitioner's argument to be successful for § 2255 to provide an adequate remedy." *Crayton v. United States,* 27 F.4th 652, 655 (8th Cir. 2022) (quoting *Jones v. Hendrix*, 8 F.4th 683, 687 (8th Cir. 2021)). Accordingly, an intervening change in caselaw does not render § 2255 inadequate or ineffective to test the adequacy of a federal prisoner's detention.  See *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021)*, cert. granted*, No. 21-857, 2022 WL 1528372 (U.S. May 16, 2022) (No. 21-857) (holding that a federal inmate could not use § 2241 to raise a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019),[6] which  could have been asserted on direct appeal or

---

[6] The Supreme Court, by granting certiorari in *Jones v. Hendrix*, a case that originated in the Eastern District of Arkansas, *Jones v. Hendrix*, 2:19-CV-00096-JTR, 2020 WL 10669427, *4 (E.D. Ark. January 24, 2020), appears poised to resolve a circuit split over the saving clause's

in his initial 28 U.S.C. § 2255 motion); see also *McCarthan v. Director of Goodwill Industries-Suncoast, Inc*., 851 F.3d 1076, 1091 (11th Cir. 2017) (noting that permitting federal prisoners to proceed under § 2241 based on an intervening change in caselaw provides those prisoners a superior remedy and renders null the successive petition bar and one-year statute of limitations applicable to § 2255 motions).

## IV.    CONCLUSION

Mr. Parsons' § 2241 habeas petition directly challenges the validity of his conviction and sentence in the United States District Court for Nebraska. However, the face of the petition and public court records show that § 2255(e)'s saving clause does not apply, and the Court therefore lacks jurisdiction over his petition.

---

applicability based on a substantive change in statutory construction that applies retroactively to cases on initial collateral review, but is not a new rule of constitutional law and would not provide convicted federal defendants with an avenue to pursue permission to file a second or successive § 2255 motion. The Supreme Court's resolution of *Jones v. Hendrix* is unlikely to impact this case.

Mr. Parsons, relying on *McGirt*, *supra*, challenges the validity of the predicate state offense making him a felon. It is undisputed that this argument was available to him, based on the decision in *McGirt*, well before the time expired for him to raise the argument in a timely filed § 2255 motion. As previously explained, see *supra* note 2, this argument is unlikely to be successful, even if considered on the merits.

Mr. Jones's circumstances are different. Relying on *Rehaif*, *supra*, he contends he is "actually innocent" of his federal felon in possession conviction because the government would not be able to satisfy its post-*Rehaif* burden of proof to show that he *knew* he was a felon at the time of the possession. *Jones v. Hendrix*, 2:19-CV-00096-JTR, 2020 WL 10669427, *2. In addition, the *Rehaif* decision was announced years *after* the time expired for Mr. Jones to seek § 2255 relief. *Id. at *5.

IT IS THEREFORE RECOMMENDED that Petitioner Michael Parsons' §
2241 petition for writ of habeas corpus (*Doc. 1*) be DISMISSED WITHOUT
PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to change the
Respondent to "DeWayne Hendrix, Warden, FCI-Forrest City."

Dated this 18th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE